IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-423-D-1
No. 5:21-CV-212-D

| | |
|---|---|
| ANDREW JONATHAN BOWLES )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On May 7, 2021, Andrew Jonathan Bowles ("Bowles" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 360-month sentence for manufacturing or producing child pornography [D.E. 63]. On June 21, 2021, the government moved to dismiss Bowles's section 2255 motion [D.E. 67] and filed a memorandum in support [D.E. 68]. That same day, the court notified Bowles of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 69]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Bowles did not respond. As explained below, the court grants the government's motion to dismiss and dismisses Bowles's section 2255 motion.

I.

On January 24, 2019, pursuant to a written plea agreement, Bowles pleaded guilty to one count of manufacturing or producing child pornography. See PSR [D.E. 38] ¶ 7; see [D.E. 28]; Rule 11 Tr. [D.E. 56] 33–47. Pursuant to that plea agreement, the government agreed to dismiss at sentencing thirteen counts, including charges for attempted coercion and enticement of a minor (count two), distribution of child pornography (count three), receipt of child pornography (counts

four through thirteen), and possession of child pornography (count fourteen). See [D.E. 1] 1–4; Plea Agr. [D.E. 26] 6. On July 16, 2019, the court held Bowles's sentencing hearing. See [D.E. 47]. After adopting the facts set forth in the Presentence Investigation Report ("PSR") and resolving Bowles's objection, the court determined Bowles's total offense level to be 42, his criminal history category to be I, and his advisory guideline range to be 360 months' imprisonment. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR; Sent. Tr. [D.E. 58] 4–7. After thoroughly considering the arguments of counsel, including arguments about the propriety of the advisory guideline range in relation to the offense conduct and Bowles's characteristics, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Bowles to 360 months' imprisonment. See Sent. Tr. at 7–16; [D.E. 47, 49]. Bowles appealed [D.E. 51]. On April 16, 2020, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Bowles's plea agreement and dismissed his appeal concerning his sentence. See United States v. Bowles, 801 F. App'x 155, 156 (4th Cir. 2020)(per curiam) (unpublished); [D.E. 60, 61, 62].

In Bowles's section 2255 motion, Bowles argues that he received ineffective assistance of counsel because counsel (1) told him that the government had promised to request a downward departure based on Bowles's pre-plea cooperation and failed to confirm this promise in the plea agreement, (2) failed to provide the court with "facts concerning disparity in sentencing and supportive 3553(a) factors concerning [Bowles's] mental capacity and placement on the autism spectrum," and (3) failed to emphasize to him the court's "warning concerning the plea and plea negotiations" and concerning plea or sentencing "misadvice." [D.E. 63] 4–7.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Bowles must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

3

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Bowles challenges whether his guilty plea was knowing and voluntary and argues that his counsel erroneously told Bowles that the government had agreed to move for downward departure, failed to get that promise in the plea agreement, and failed to emphasize the court's warning about plea or sentencing misadvice. See [D.E. 63] 4, 7.

As for Bowles's claim that counsel was ineffective by failing to include the government's alleged promise to move for downward departure, Bowles's sworn statements during his Rule 11 proceeding and the text of his plea agreement contradict this claim. Bowles's sworn statements and plea agreement bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, while Bowles was under oath, the court confirmed that Bowles had reviewed

4

and discussed his entire plea agreement with defense counsel before he signed it, that he understood each term in the plea agreement, that the plea agreement was the whole agreement that Bowles had with the government, and that "no other promises were made" that induced him to plead guilty. Rule 11 Tr. 37–40; cf. Fed. R. Crim. P. 11(b)(2). The plea agreement that Bowles signed states on its first page that it is the "full and complete record" of the plea agreement and that "[t]here are no other agreements between the parties in addition to or different from the terms herein." Plea Agr. at 1. The plea agreement specifically states the government's obligation concerning a possible section 5K1.1 motion. The government promised that it would "make known to the Court at sentencing the full extent of the Defendant's cooperation pursuant to this agreement, but the United States is not promising to move for departure pursuant to USSG § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." Plea Agr. ¶ 4(e). Bowles also affirmed he was fully satisfied with counsel's services, that he understood the charges against him and his plea agreement, and that his plea was voluntary. See Rule 11 Tr. at 18–42. Bowles also confirmed that he understood that the guidelines were advisory, that any estimate about his advisory guideline range or sentence was not binding on the court, and that the court could sentence him up to the statutory maximum. See id. at 34–40. Accordingly, Bowles's guilty plea was knowing and voluntary.

Bowles did not raise the alleged promise of a downward departure motion from the government at his Rule 11 hearing, at his sentencing hearing, or on direct appeal. Bowles's plea agreement specifically outlined the government's obligations related to his cooperation. See Plea Agr. ¶ 4(e). A promise to move for downward departure was not a part of Bowles's plea agreement, and Bowles confirmed under oath at his Rule 11 hearing and in the plea agreement that the plea agreement was the full and complete agreement that he had with the government and that he understood the plea agreement. See id. at 1; Rule 11 Tr. 38–40 The government complied with its

5

promise under the plea agreement and described Bowels's cooperation to the court. See Sent. Tr. at 10. On this record, Bowles cannot show deficient performance or prejudice. Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Bowles's claim fails.

As to any failure by counsel to inform Bowles about the consequences of pleading guilty or content of his plea agreement, Bowles has not plausibly alleged deficient performance or prejudice. As for performance, counsel acted reasonably by negotiating a plea agreement in which Bowles agreed to plead guilty to one count in exchange for the government dismissing thirteen counts. Moreover, even if counsel misinformed Bowles of the penalties he faced, or failed to emphasize the court's warning about plea misadvice, Bowles has not plausibly alleged prejudice because the court corrected any alleged errors during the Rule 11 hearing and before Bowles pleaded guilty. See United States v. Akande, 956 F.3d 257, 263 (4th Cir. 2020); United States v. Akinsade, 686 F.3d 248, 253–54 (4th Cir. 2012). Moreover, in light of his Rule 11 hearing, Bowles has not demonstrated prejudice because he has not plausibly alleged that but for counsel's alleged errors, he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Accordingly, the claim fails.

As for Bowles's claim about his lawyer's failure to raise Bowles's mental capacity and sentencing disparities under section 3553(a), Bowles's lawyer raised Bowles's mental capacity and other offender characteristics both in arguments at sentencing and in Bowles's sentencing memorandum. See Sent. Tr. at 7–9; [D.E. 40] 4–6; [D.E. 40-1]. Defense counsel's performance was adequate and falls within the wide range of professional performance. See Strickland, 466 U.S. at 691. On this record, there was no deficient performance. See id.

Alternatively, Bowles has not plausibly alleged prejudice concerning counsel's performance. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable

6

probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Bowles has not plausibly alleged that counsel could have done something differently to obtain a different sentence. This court considered Bowles's history and characteristics including his mental capacity, cooperation, and other section 3553(a) factors. The court also considered the deeply troubling nature of Bowles's conduct and the tremendous need to protect society from Bowles. Moreover, in imposing the sentence, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 16. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Bowles. See Molina-Martinez v. United States, 578 U.S. 189, 197– 201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Thus, Bowles has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Bowles's motion, the court finds that reasonable jurists would not find the court's treatment of Bowles's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

## II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 67], DISMISSES petitioner's section 2255 motion [D.E. 63], and DENIES a certificate of appealability.

SO ORDERED. This 13 day of April, 2022.

                                                    JAMES C. DEVER III
                                                    United States District Judge